## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

EUSEBIO IKE DEVARGAS

   Plaintiff,

vs.              No. CV 21-00787 MV/JHR

SHERIFF: MANUEL GONZALES,
BERNALILLO COUNTY, NEW MEXICO,
BERNALILLO COUNTY SHERIFF'S OFFICE,

   Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court under Rule 41(b) of the Federal Rules of Civil Procedure on the pro se Civil Complaint (Doc. 1), Prisoner's Civil Rights Complaint (Doc. 3), and amended Prisoner's Civil Rights Complaint (Doc. 5) filed by Eusebio Ike DeVargas ("Complaint"). The Court will dismiss the Complaint without prejudice for failure to comply with statutes, failure to comply with a Court order, and failure to prosecute this proceeding.

Plaintiff is a federal detainee at the Cibola County Detention Center and is proceeding pro se. Doc. 1. Plaintiff filed his original Complaint on August 19, 2021. *Id.* Plaintiff's filing contends that all New Mexico elected officials have committed major fraud and engaged in racketeering by failing to post surety bonds with the New Mexico Secretary of State. *Id.* at 1-2. He seeks immediate arrest of Defendant Sheriff Manuel Gonzales, $20 million in punitive damages, and the immediate seizure of Defendant Gonzales's personal assets with forfeiture of those assets to Plaintiff. *Id.* at 2. He also states that he will waive seizure of the Sheriff's deputies and seizure of

their assets if Defendant Gonzales resigns immediately and settles this case.  *Id.* at 3. Plaintiff did not pay the filing fee or submit an application to proceed *in forma pauperis* at the time that he filed the Complaint.

The Court entered an Order to Cure Deficiencies on August 27, 2021, directing Plaintiff to cure deficiencies in the form of his Complaint and to either pay the filing fee or submit an application to proceed under 28 U.S.C. § 1915 within thirty days of entry of the Order.  Doc. 2. The Court also provided Plaintiff with a form Prisoner's Civil Rights Complaint and Application to Proceed in District Court Without Prepayment of Fees or Costs, together with instructions.  *Id.* The Order advised Plaintiff that, if he failed to cure the deficiencies within the 30-day time-period, the Court could dismiss this proceeding without further notice. *Id.* at 2.

Thereafter, on September 8, 2021, Plaintiff filed a hand-written Prisoners Civil Rights Complaint.  Doc. 3.  That Complaint alleges that Sheriff Gonzales and his deputies have "for years" violated Plaintiff's constitutional rights to bear arms, to be free to travel, and to be free from unreasonable searches and seizures.  *Id.* at 1-2.  Plaintiff then submitted a form Prisoner's Civil Rights Complaint on September 10, 2021.  Doc. 5.  In this third Complaint, he claims that "[a]ll defendants are in violation of NMSA 10-2-7 and bowman bank and trust v. Risk national Bank" and "for years the Sheriff's deputies have harassed the plaintiff."  *Id.* at 2.  He seeks $20 million "for pain and suffering."  *Id.* at 6.

Also on September 10, 2021, Plaintiff filed an Application to proceed *in forma pauperis*. Doc. 6.  The Court granted Plaintiff's Application to Proceed under 28 U.S.C. § 1915 on March 4, 2022.  (Doc. 12).  Based on the financial information in his Application, the Court's March 4, 2022 Order also directed him to make an initial partial payment of the filing fee in the amount of

$51.33 or show cause why he should be excused from making the partial payment within 30 days. Doc. 12.

More than 30 days have elapsed since entry of the Court's March 4, 2022 Order and Plaintiff has not made the initial partial payment or shown cause why he should be excused from the payment.  Plaintiff has not communicated with the Court since December 26, 2021, Doc. 11, and mail to Plaintiff at his address of record has been returned as undeliverable.  Doc. 14. Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules.  *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980).  The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court.  D.N.M. LR-Civ. 83.6.  Plaintiff has failed to comply with D.N.M. LR-Civ. 83.6.

Further, under 28 U.S.C. § 1915, even if the Court grants Plaintiff leave to proceed *in forma pauperis,* the Court is still required collect the filing fee from the Plaintiff in installment payments, including an initial partial payment.  28 U.S.C. § 1915(a) and(b).  Plaintiff has failed to pay the initial partial filing fee or show cause as required by the Court's March 4, 2022 Order. The Court may dismiss a proceeding under Rule 41(b) for failure to comply with statutes or rules of civil procedure, or to comply with court orders.  *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with 28 U.S.C. § 1915, failure to comply with D.N.M. LR-Civ. 83.6, failure to comply with the Court's Order of March 4, 2022, and failure to prosecute this proceeding.

**IT IS ORDERED** the pro se Civil Complaint (Doc. 1), Prisoner's Civil Rights Complaint (Doc. 3), and amended Prisoner's Civil Rights Complaint (Doc. 5) filed by Eusebio Ike DeVargas are **DISMISSED without prejudice** under Rule 41(b) for failure to prosecute, failure to comply

with 28 U.S.C. § 1915, failure to comply with D.N.M. LR-Civ. 83.6, and failure to comply with the Court's March 4, 2022, Order.

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE